*Justices concur, except Wyatt and Head, JJ., who dissent from division 2 of the opinion and the judgment of affirmance, Duckworth, C. J., and Almand J., concur specially. Cross-bill of exceptions dismissed. All the Justices concur.*

ALMAND, Justice. I concur in the ruling in division 1 of the opinion only because of prior unanimous decisions of this court, cited in the opinion. I think that these previous decisions are wrong and should be overruled, but since a sufficient number of members of the present court to overrule these cases do not agree with me, I am bound by these prior rulings. I am authorized to say that Chief Justice Duckworth concurs in this special concurrence.

NIX *v.* STATE OF GEORGIA, by LEATHERS, Solicitor-General.

HAWKINS, Justice. The pleadings, evidence, judgment, and assignments of error in this case being similar to those in *Copeland* v. *Leathers,* 206 *Ga.* 280 (56 S. E. 2d, 530), the decision of this court in that case is controlling here, and the request to review and overrule that decision is denied. The judgment of the trial court is, therefore, affirmed, with direction that it be modified so as to eliminate the restraint as to the sale by the defendant of the property involved.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., and Head, J., who dissent.*

No. 16932. FEBRUARY 13, 1950.

*Stonewall Dyer* and *Wilbur B. Nall,* for plaintiff.
*Roy Leathers, Solicitor-General,* for defendant.

MITCHELL *v.* STATE OF GEORGIA, by LEATHERS, Solicitor-General.

HAWKINS, Justice. The pleadings, evidence, judgment, and assignments of error in this case being similar to those in *Copeland* v. *Leathers,* 206 *Ga.* 280 (56 S. E. 2d, 530), the decision of this court in that case is controlling here, and the request to review and overrule that decision is denied. The judgment of the trial court is, therefore, affirmed, with direction that it be modified so as to eliminate the restraint as to the sale by the defendant of the property involved.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., and Head, J., who dissent.*

No. 16933. FEBRUARY 13, 1950.

*Wilbur B. Nall* and *Ralph R. Quillian*, for plaintiff.
*Roy Leathers, Solicitor-General*, for defendant.

## HORNE *v.* SKINNER.

No. 16947. FEBRUARY 13, 1950.

*John H. Land* and *Ed Wohlwender Jr.*, for plaintiff.
*O. N. Singleton*, for defendant.

ALMAND, Justice. J. E. Horne and T. P. Melton filed an action against W. M. Skinner, seeking money judgments and equitable relief. The petition alleged: Horne, the owner of a certain tract of land, by written contract sold all the pine and poplar timber thereon to Melton. Under the contract, a copy of which was attached to the petition, Melton had the right to cut trees in excess of a designated diameter, and he agreed to cut no trees within 100 yards of the Horne residence and two lakes on the tract. The defendant made an agreement with Melton as to the cutting of the timber, wherein he agreed to the terms of the written contract between Horne and Melton; and notwithstanding his agreement with Melton, the defendant has violated the terms of the written contract by cutting timber within 100 yards of the residence and two lakes, and also has damaged the real estate of Horne, and has failed to pay Melton a specific sum for the timber which had been removed from the tract. Skinner is insolvent, and the plaintiffs' damage is irreparable. Horne prayed for damages in the sum of $1000 for the cutting of the timber in violation of the contract, and damages of $2000 for injuries to the real estate. Melton prayed for a